

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,228-01

### EX PARTE CHRISTOPHER JAMES DORN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 25,709-A IN THE 258TH DISTRICT COURT FROM POLK COUNTY

*Per curiam*.

### O R D E R

Applicant pled guilty to aggravated kidnapping under a plea agreement for a fifteen-year prison sentence. There was no direct appeal. Applicant filed a *pro se* application for a writ of habeas corpus alleging that his guilty plea was not voluntary. The trial court entered an order designating issues and appointed habeas counsel, who filed an amended habeas application. Applicant says the victim has been making statements to others that removes or lessens Applicant's culpability, he presents an exculpatory affidavit from a co-defendant, and he says he did not understand that he had a possible defense to the kidnapping charge. The trial court has set several dates for an evidentiary hearing but has had to continue the settings. The district clerk properly forwarded the habeas application to this Court. *See* TEX. R. APP. PROC. 73.4(b)(5).

Regarding his claim about counsel, Applicant says that he "did not understand at the time of his plea, if he was *forced* to assist in a criminal act for fear of his own personal safety in addition to being verbally threatened and physically assaulted, that it amounts to 'duress' and therefore not held accountable for such criminal acts" (emphasis in original). The affidavit habeas counsel submitted from a co-defendant supports Applicant's account of duress, and habeas counsel details her own unsuccessful efforts to contact the victim. There is no response from trial counsel regarding his discussions with Applicant about the facts of the offense and possible defenses, and there are no findings from the trial court resolving the disputed factual issues it designated.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims that Applicant's guilty plea was involuntary. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). The trial court shall then make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court may make any other findings and conclusions that it deems  appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  December 16, 2020
Do not publish